UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:

Thomas Paul Wong

Debtor(s)______________________________/

Chapter 13
Case No. 26-41523

NOTICE OF OPPORTUNITY FOR HEARING;

NOTICE IS HEREBY GIVEN that the Debtor(s) have filed a Chapter 13 Plan. Pursuant to Bankruptcy Local Rule 3015-1(b) any objection, must be filed with the Clerk of the U.S. Bankruptcy Court, and served on the Debtor(s') attorney and the Chapter 13 Trustee, within twenty eight (28) days of mailing of the notice; objection must be accompanied by any declarations or memoranda of law the party objecting or requesting wishes to present in support of its position; if there is not a timely objection, the Court may enter an order confirming the plan; If a timely objection is made, a hearing will be noticed and served on parties.

Dated: 11/02/2026

______________________________[
Joshua Sternberg]

# Chapter 13 Plan

*Effective 1/1/2023*
*Version 4*

Debtor 1: **Thomas Paul Wong**

Debtor 2 *(Spouse, if filing)*:

**United States Bankruptcy Court - NORTHERN DISTRICT OF CALIFORNIA**

Case Number *(if known)*: **26-41523**

☐ Check if this is an amended plan

☐ Check if this is a post-confirmation modified plan

## Section 1: Notices

Note: In a joint case, reference to a Debtor includes both Debtor 1 and Debtor 2. Whenever there are check boxes in this plan providing a choice, "None" or "Not included" will be presumed if no boxes are checked.

**To Debtors:** This form sets out permissible options for chapter 13 cases in the Northern District of California. The text of the provisions in this form plan may not be altered. Any nonstandard provision must be stated in § 10 of this plan and you must check "Included" in § 1.4 below. Any nonstandard provision placed elsewhere is ineffective. **Use of this form is mandatory**.

**To Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

The following matters may be of particular importance. *Debtor must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked or unchecked, the provision will be ineffective if set out later in the plan.* This may also be accomplished by a separately filed motion as indicated in the applicable section.

| | | | |
|---|---|---|---|
| 1.1 | **A provision that limits the amount of a secured claim based on a valuation of the collateral for the claim, see Class 3.** | ☐ Included | ☑ Not Included |
| 1.2 | **A provision that avoids a security interest or lien, see Class 4.** | ☐ Included | ☑ Not Included |
| 1.3 | **A provision that avoids a judicial lien or nonpossessory nonpurchase money lien, see Class 6.** | ☐ Included | ☑ Not Included |
| 1.4 | **Nonstandard provisions, see § 10.** | ☐ Included | ☑ Not Included |

## Section 2: Plan Payments & Length of Plan

**2.1 Debtor will make payments to the Trustee as follows:**

| Dollar Amount | Number of Months | Total |
|---|---|---|
| **$1,225.94** | **60** | **$73,556.40** |
| | Additional Payments *(see § 2.3)*: | **$0.00** |
| Estimated Total Months: **60** | **Estimated Total Payments** | **$73,556.40** |

**2.2 The initial plan payment to the Trustee is due 30 days after the petition date. After the initial plan payment to the Trustee, regular plan payments must be received by the Trustee not later than the 20th day of each month. Payments will be made from future income in the following manner:**

*Check all that apply:*

☑ Debtor will make payments directly to the Trustee.

☐ Debtor will make payments pursuant to a payroll deduction (wage) order.

☐ Other:

**2.3 Additional payments**

*Check one:*

☑ None. The rest of this provision need not be completed or reproduced.

## Section 3: Claims

**Need to file proof of claim and determination of classification.** A creditor, including a secured creditor, must file an allowable proof of claim in order to receive disbursements from the Trustee, whether or not this plan mentions the creditor's claim. Unless the court orders otherwise, the Trustee will make distributions only on filed proofs of claim. Unless the court orders otherwise, the proof of claim shall determine the amount and classification of a claim.

## Section 4: Pre-confirmation adequate protection payments to secured creditors

☑ None. The rest of this claim provision need not be completed or reproduced.

## Section 5: Treatment of Claims

**Class 1: Secured claims on which Debtor had defaulted before the petition date. Debtor does not intend to alter terms except to cure arrears**

☐ None. The rest of this claim provision need not be completed or reproduced.

**Treatment:**

- **Retention of lien and claimholder's rights.** A holder of a Class 1 claim will retain its lien until the underlying debt is paid in full under nonbankruptcy law. This plan does not modify the holder's rights other than by curing the default by paying the prepetition arrearage, i.e. the regular installments of principal, accrued and unpaid interest and other charges, such as attorney's fees, escrow, and collection costs, that became due before the petition date without regard for any acceleration.

- **Cure payments by the Trustee.** Unless a Class 1 creditor agrees to different treatment, the Trustee will make distributions to cure the prepetition arrearage. The Trustee will make monthly payments on each Class 1 claim that include interest on the arrearage at a 0% interest rate unless a different rate is stated below. Each Class 1 creditor shall apply these payments only to the prepetition arrearage. The Trustee shall make no payment to a creditor if there is no allowable filed proof of claim, or whose proof of claim states that the arrearage is $0.00, none, or the like.

- **Postpetition maintenance payments.** Unless specifically noted otherwise in the box below, Debtor, and not the Trustee, shall pay directly to each Class 1 creditor or its agent each payment first becoming due without acceleration after the petition date ("postpetition installments"), as authorized under the applicable agreement and law, but the amount of the postpetition installments shall be determined as if the claim was not in default on the petition date. Each Class 1 creditor must apply the postpetition installments only to the debtor's postpetition obligations.

| Creditor Name | Collateral | Claim Amount | Estimated Arrearage | Interest Rate % | Monthly Arrearage Payment | Start Date (Month/Year) |
|---|---|---|---|---|---|---|
| **FCI Lender Services, Inc.** | **475 Sycamore Avenue Hayward, CA 94544 Alameda County Principal Residence** | **$722,634.07** | **$48,000.00** | **0.00%** | **$800.00** | August 2026 |

☐ Conduit plan option. If selecting, list Class 1 claims in Attachment A and attach to plan, and select nonstandard provision box in Section 1.4

**Class 2: Secured claims which mature before the projected date of the last payment due under this plan which are intended to be paid in full or any other secured claim that is to be paid in full through the plan by the Trustee**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 3: Secured claims on which Debtor proposes to limit the claim amount to the value of the collateral pursuant to 11**

**U.S.C. § 506(a) and § 1325 (stripped down)**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 4: Secured claims on which Debtor proposes to treat the claim as fully unsecured pursuant to 11 U.S.C. § 506(d), § 1322(b) (2) and § 1325 (voiding liens)**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 5: Secured claims excluded from 11 U.S.C. § 506 valuation by the "hanging paragraph" of § 1325(a), which are subject to In re Penrod, 611 F.3d 1158 (9th Cir. 2010) (e.g., "910 Claims")**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 6: Secured claims on which Debtor proposes to limit the claim amount pursuant to 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d)**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 7: Secured claims which Debtor proposes to satisfy by surrender of collateral**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 8: Secured claims on which Debtor was not in default on the petition date. Debtor does not intend to modify the claimant's rights.**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 9: Non-Assigned Priority Domestic Support Obligations - § 507(a)(1)(A) and § 1322(a)(2)**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 10: Assigned Priority Domestic Support Obligations - § 507(a)(1)(B), § 1322(a)(4)**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 11: Priority Taxes - § 507(a)(8), § 1322(a)(2)**

☐ None. The rest of this claim provision need not be completed or reproduced.

**Treatment:** All allowed priority tax claims shall be paid in full in deferred cash payments by the Trustee pursuant to § 507(a)(8) and § 1322(a)(2).

| Creditor Name | Estimated Claim Amount | Interest Rate % |
|---|---|---|
| **Franchise Tax Board** | **$5,000.00** | **0.00%** |
| **IRS** | **$5,000.00** | **0.00%** |

**Class 12: Other Priority Claims**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 13: Nonpriority General Unsecured Claims (Afforded Special Treatment, including co-signed debts)**

☑ None. The rest of this claim provision need not be completed or reproduced.

**Class 14: Nonpriority General Unsecured Claims**

☐ None. The rest of this claim provision need not be completed or reproduced.

**Treatment:** Treatment: Allowed claims will be paid by the Trustee, from funds remaining after payment of all other allowed claims, as follows:

*Check One:*

☑ **Percent Dividend:** allowed general unsecured claims shall be paid by the Trustee an aggregate dividend of **0.00**% which shall be shared pro rata by claimants.

## Section 6: Unclassified Claims and Expenses

**Trustee's Fees.** The Trustee's fees are governed by 28 U.S.C. § 586(e), may change during the course of the case, but cannot exceed 10% of receipts.

**Debtor's attorney fees.**

Debtor's attorney was paid **$3,000.00** prior to the filing of the case. Additional fees **$8,200.00** of shall be paid upon court approval. Debtor's attorney will seek approval either by:

☑ complying with General Order 35; or

Debtor's attorney's fees shall be paid **$292.86** of each monthly plan payment.

**Other Administrative Expenses.**

**-NONE-** as allowed by 11 U.S.C § 1326(b). Name of party owed:

## Section 7: Executory Contracts and Unexpired Leases

☑ None. The rest of this claim provision need not be completed or reproduced.

## Section 8: Vesting of Property of the Estate

Property of the estate (check one):

☑ Revests in Debtor upon confirmation. Debtor may sell, refinance, or execute a loan modification without prior court approval or order if the Trustee approves the transaction.

Regardless of vesting of property of the estate:

- during the pendency of the case, the Trustee is not required to file income tax returns for the estate or insure any estate and
- the court shall be empowered to enforce Bankruptcy Rule 3002.1; and to provide any other relief necessary to effectuate this plan, the orderly administration of this case, and the protection of property of Debtor and property of the estate.

## Section 9: Miscellaneous Provisions

**9.1 Direct Secured Debt Payments.** Unless the court otherwise orders, if Debtor elects to pay installment payments directly to the lender(s) on real property secured debt that is in default on the filing date, Debtor shall file a declaration under penalty of perjury on each anniversary of the plan's confirmation of having made those payments and shall serve each declaration on the Trustee.

**9.2 Limited stay relief.** Notwithstanding 11 U.S.C. §§ 362 and 1301, any secured creditor may transmit to Debtor and codebtor payment coupon books and other statements, notices of payment changes or interest rate changes, escrow account statements, and other statements concerning postpetition obligations, if such documents conform to bankruptcy-specific forms required by a federal statute, regulation, or rule, or contain a conspicuous disclaimer that they are being provided for informational purposes only and are not a demand for payment.

**9.3 Effect of relief from automatic and codebtor stays.** As soon as practicable after the Trustee receives notice of an order granting relief from stay, the Trustee shall cease making distributions on all claims secured by such collateral, unless the court orders

otherwise.

**9.4 Distribution of plan payment by the Trustee in non-conduit cases.** Debtor's monthly plan payment must be sufficient to pay in full: (a) Trustee's fees, (b) the monthly dividends specified in Section 6 for Debtor's attorney's fees and administrative expenses, (c) the monthly dividends payable on account of Class 1, 2, 3, 5, and 6 claims, and executory contract and unexpired lease arrearage claims.

If Debtor tenders a partial monthly plan payment to the Trustee, the Trustee shall pay, to the extent possible, such fees, expenses, and claims in the order specified in the paragraph above. If the amount paid by Debtor is insufficient to pay all dividends due on account of fees, payments, expenses, and claims within a subpart of the above paragraph, such dividends shall be paid pro rata, on account of any of the fees, payments, expenses, and claims within such subpart.

Once a monthly plan payment, or a portion thereof, is not needed to pay a monthly dividend because a fee, expense, or claim is not allowed or has been paid in full, such plan payment shall be paid pro rata, based on claim balance, to holders of: first, Debtor's attorney's fees, and administrative expenses in Section 6; second, claims in Classes 1, 2, 3, 5, and 6, and executory contract and unexpired lease arrearage claims; third, priority claims in Classes 9, 10, 11, 12; fourth, unsecured claims in Class 13; and fifth, unsecured claims in Class 14.

## Section 10: Non-Standard Plan Provisions

☑ None. The rest of this claim provision need not be completed or reproduced.

## Section 11: Signatures

**By filing this document, each Debtor signing below certifies that (a) the wording and order of the provisions in this plan are identical to those contained in form chapter 13 plan, other than any nonstandard provisions included in Section 10, (b) that the plan has been proposed in good faith, (c) that the information provided in this plan is true and correct to the best of Debtor's knowledge, and (d) that Debtor will be able to make all plan payments and otherwise comply with plan provisions. Further, the statements in Attachment(s) A, B, C, and D, if applicable, are true and correct, under penalty of perjury.**

| | |
|---|---|
| X: **/s/ Thomas Paul Wong** | X: |
| **Thomas Paul Wong** | |
| Signature of Debtor 1 | Signature of Debtor 2 |
| Executed On: **August 12, 2026** | Executed On: |

**The undersigned certifies under penalty of perjury that the wording and order of provisions in this plan are identical to those contained in the form chapter 13 plan, other than any nonstandard provision included in Section 10.**

| | |
|---|---|
| X: **/s/ Joshua Sternberg** | Date: **August 12, 2026** |
| **Joshua Sternberg 250687**<br>Signature of Attorney Debtor(s) | |

Label Matrix for local noticing
0971-4
Case 26-41523
California Northern Bankruptcy Court
Oakland
Mon Nov 2 22:11:56 PST 2026

CA Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

CA Franchise Tax Board
Special Procedures Bankruptcy Unit
P.O. Box 2952
Sacramento, CA 95812-2952

Labor Commissioner
1515 Clay St.
Room 801
Oakland, CA 94612-1463

(p)CALIFORNIA STATE BOARD OF EQUALIZATION
ACCOUNT REFERENCE GROUP MIC 29
P O BOX 942879
SACRAMENTO CA 94279-0029

(p)U S ATTORNEY'S OFFICE NORTHERN DISTRICT
450 GOLDEN GATE AVENUE
9TH FLOOR
SAN FRANCISCO CA 94102-3419

Wilmington Savings Fund Society, FSB, as Own
c/o McCarthy & Holthus, LLP
2763 Camino Del Rio South, Suite 100
San Diego, CA 92108-3708

U.S. Bankruptcy Court
1300 Clay Street, Suite 300
Oakland, CA 94612-1426

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Amex
Correspondence Bankruptcy
PO Box 981535
El Paso, TX 79998-1535

Ashley Funding Services, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

(p)BMW FINANCIAL SERVICES
CUSTOMER SERVICE CENTER
PO BOX 3608
DUBLIN OH 43016-0306

Caliber Home Loans, In
715 S Metropolitan Ave
Oklahoma City, OK 73108-2054

California TD Specialists
8190 East Kaiser Blvd
Anaheim, CA 92808-2215

Capital One
AttN: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Chase Card Services
Attn: Bankruptcy
Po Box 15299
Wilmington, DE 19850-5299

Citibank
Attn: Bankruptcy Department
P.O.Box 790046
St. Louis, MO 63179-0046

Discovercard
Po Box 30939
Salt Lake City, UT 84130-0939

FCI Lender Services, Inc.
PO Box 27370
Anaheim, CA 92809-0112

FORD MOTOR CREDIT COMPANY LLC
c/o NELSON AND KENNARD, LLP
P.O. Box 13807
Sacramento, CA 95853-3807

Franchise Tax Board
Personal Bankruptcy MS A340
Po Box 2952
Sacramento, CA 95812-2952

Gm Financial
Attn: Bankruptcy
801 Cherry Street, Ste. 3500
Fort Worth, TX 76102-6854

IRS
P.O. Box 7346
Philadelphia, PA 19101-7346

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
Robertson, Anschutz, Schneid,
& Crane LLP
6409 Congress Avenue, Suite 100
Boca Raton, FL 33487-2853

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Lendkey/xcel Fcu
9999 Carver Rd, Suite 400
Blue Ash, OH 45242-5584

Leslie Huang
169 Buena Vista Terrace
#16
San Francisco, CA 94117-4149

Lincoln Automotive Finance
Attn: Bankruptcy
P.O. Box 542000
Omaha, NE 68154-8000

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090-2037

(p)MOHELA
CLAIMS DEPARTMENT
633 SPIRIT DRIVE
CHESTERFIELD MO 63005-1243

Ndslsc
PO Box 5675
Fargo, ND 58105

Nr/sms/cal
601 Office Center Dr
Fort Washington, PA 19034-3275

Office of the U.S. Trustee/Oak
Office of the United States Trustee
Phillip J. Burton Federal Building
450 Golden Gate Ave. 5th Fl., #05-0
San Francisco, CA 94102-3661

(p)PRIMEWAY FEDERAL CREDIT UNION
PO BOX 53088
HOUSTON TX 77052-3088

Synchrony Bank/HHGregg
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Lowes
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

U.S. Bank NA dba Elan Financial Services
Bankruptcy Department
PO Box 108
Saint Louis MO 63166-0108

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

Wilmington Savings Fund Society, FSB
c/o AMIP Management, LLC
3020 Old Ranch Parkway, Suite 180
Seal Beach, CA 90740-2799

Joshua Sternberg
Sternberg Law Group
8605 Santa Monica Blvd
Suite #81823
West Hollywood, CA 90069-4109

Martha G. Bronitsky
P.O. Box 5004
Hayward, CA 94540-5004

Thomas Paul Wong
475 Sycamore Avenue
Hayward, CA 94544-1507

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

State Board of Equalization
Collection Dept.
P.O. Box 942879
Sacramento, CA 94279

U.S. Attorney
Civil Division
450 Golden Gate Ave.
San Francisco, CA 94102-3400

BMW Financial Services
Attn: Bankruptcy Correspondence
PO Box 3608
Dublin, OH 43016

Mohela
Attn: Bankruptcy
633 Spirit Dr
Chesterfield, MO 63005

(d)Mohela/dofed
Mohela, Attn: Bankruptcy
633 Spirit Drive
Chesterfield, MO 63005

Primeway FCU
Attn: Bankruptcy
12811 Northwest Freeway
Houston, TX 77040

Us Bank
Attn: Bankruptcy
Po Box 5229
Cincinnati, OH 45201

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Dylan Law Office

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 41 |
| Bypassed recipients | 1 |
| Total | 42 |